IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS L. DAWKINS,

        Plaintiff,                          Civ. No. S-02-2038 LKK KJM P

    vs.

J.R. PETERSON,

        Defendant.                     FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 12, 2008, plaintiff was directed to file his pretrial statement by May 30 and defendant was directed to file his pretrial statement by June 13, 2008.  Defendant has complied; plaintiff has not.

        On June 15, 2008, plaintiff was ordered to file his pretrial statement within fifteen days.  In the same order, plaintiff was informed that failure to comply would result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41(b).  The fifteen day period has now expired and plaintiff has not responded to the court's order.

        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

1

court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for six years and has reached the stage, set by the court's May 12, 2008 scheduling order, for preparation for pretrial conference and jury trial. See Scheduling Order, Docket No. 89. Plaintiff's failure to comply with the Local Rules and the court's May 12, 2008, order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements for a pretrial statement. See Docket No. 34. In addition, when the matter was previously set for trial, plaintiff filed a pretrial statement showing he understands the process. See Docket No. 50.[1] The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to file his pretrial statement, is of some weight. Plaintiff's failure to file his pretrial statement does not permit the court to address the issues for trial in a complete fashion, suggesting that a trial may be delayed by the need to resolve some of these matters during trial. See Ferdik, 963 F.2d at 1262. In addition, defendants would be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, the

---

[1] Since that time, the posture of the case has changed as the result of the litigation of a summary judgment motion. See Docket Nos. 86, 88.

1  public policy favoring disposition of cases on their merits, weighs against dismissal of this action
2  as a sanction.  However, for the reasons set forth above, the first, second, and fifth factors
3  strongly support dismissal and the third factor does not mitigate against it.  Under the
4  circumstances of this case, those factors outweigh the general public policy favoring disposition
5  of cases on their merits.  See Ferdik, 963 F.2d at 1263.

6  For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
7  dismissed pursuant to Federal Rule of Civil Procedure 41(b).

8  These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
10 days after being served with these findings and recommendations, any party may file written
11 objections with the court and serve a copy on all parties.  Such a document should be captioned
12 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED:  July 11, 2008.

_____
U.S. MAGISTRATE JUDGE

18 2/dawk2038.46fr